**THE FLEISHMAN LAW FIRM**
Charles J. Fleishman Bar# 46405
Paul A. Fleishman Bar # 251657
5850 Canoga Ave., 4th Floor
Woodland Hills, CA 91367
telephone 818-710-2724
fax 818-710-2728
erisa@erisarights.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA COSCOLLUELA | NO. |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE BENEFIT PLAN |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY a corporation; ATRIA SENIOR LIVING, INC., a corporation; DOES 1 through 10, | |
| Defendants. | |

COMES NOW THE PLAINTIFF, Rebecca Coscolluela, and for cause of action against all defendants, alleges as follows:

1. This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(B) and (e)(1).

2. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant Doe 1 (hereinafter "Plan") is an ERISA plan formed by defendant Atria Senior Living, Inc. (Atria) from which the plaintiff is entitled to benefits. Atria is the plan sponsor of the Plan. At all times herein mentioned, plaintiff was entitled to short and long term disability benefits, health care benefits, life insurance benefits and other benefits under one or more Atria's ERISA plans. Said benefits were to be given to the plaintiff should she become totally disabled.

1

3. Plaintiff is informed and believes, and based upon such information and belief alleges, that defendant Metropolitan Life Insurance Company (MetLife) is a corporation pursuant to the laws of one or more of the states of The United States and was, at all times relevant hereto, the insurance company obligated to provide the disability benefits the plaintiff herein seeks.

4. Plaintiff is and was at all times herein mentioned, a resident of the County of Riverside, State of California.

5. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10 and has therefore named such defendants by such fictitious names. Plaintiff will ask leave of court to amend the complaint to state the true names and capacities of the DOE defendants when the same are ascertained.

6. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was acting as the agent and employee of each of the remaining defendants with regard to all actions described herein and all benefits due plaintiff and all damage caused to plaintiff.

7. Plaintiff was employed by Atria until she became disabled on or about June 2012. As an employee of Atria, she was eligible for the protection of the Plan. When she became disabled, she became eligible for the long term disability benefits of the Plan and to other benefits. Defendants have arbitrarily and in bad faith refused to make payments to plaintiff as required by the Plan.

8. The plaintiff was notified of the decision of the defendants to deny benefits. Plaintiff timely appealed the denial of benefits. Said appeal was formally decided by the defendants adversely to the plaintiff and communicated to her on March 10, 2014. Plaintiff is left with no choice but to file this law suit at the present time.

9. Plaintiff has been denied the benefits which are due her under the Plan and has suffered and is continuing to suffer economic loss as a result thereof from

Charles J. Fleishman

2

December 2012. Plaintiff is entitled to an award of interest on all money that should have been paid to her.

10. Plaintiff has been required to hire attorneys to represent her in this matter and to recover benefits due her under the Plan. Plaintiff has and will incur attorney fees. The exact amount is unknown to plaintiff and she seeks leave to amend this complaint when the same has been ascertained or at the time of trial according to proof.

11. A controversy now exists between the parties as the whether Plaintiff is disabled under the terms of the Plan. Plaintiff seeks a declaration by this Court that she meets the Plan definition of disability and is entitled to continued LTD benefits from defendants. Plaintiff further seeks a declaration by this Court that, if in fact she is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date her LTD benefits were terminated.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

1. For all benefits due her in the past and future under the plan plus interest;

2. For a declaration by this Court that, if in fact she is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date her LTD benefits were terminated.

3. For reasonable attorney fees;

4. For costs of suit; and

*Charles J. Fleishman*

3

5. For such other and further relief as this court may deem just and proper.

DATED:    October 3, 2014

/s/*Charles J. Fleishman*
CHARLES J. FLEISHMAN
Attorney for plaintiff

Charles J. Fleishman

4